# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NORTH CAROLINA
### WESTERN DIVISION
#### No. 4:12-CR-75-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| PRENTISE JAVAUGHN WILKINS, | ) | |
| | ) | |
| Defendant. | ) | |

On January 8, 2025, Prentise Javaughn Wilkins ("Wilkins" or "defendant") filed a letter with the court that his lawyer had moved for a sentence reduction under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) [D.E. 538]. The court received no such motion for a sentence reduction but construes Wilkins's letter as a motion seeking the same. In light of the record, Rutherford v. United States, 146 S. Ct. 1320 (2026), and Fernandez v. United States, 146 S. Ct. 1292 (2026), the court denies Wilkins's motion for a sentence reduction.

I.

From September 2011 to January 2012, Wilkins and his associates committed at least seven armed robberies of eateries in the Eastern District of North Carolina. See Presentence Investigation Report [D.E. 281] ¶¶ 9–14. During each robbery, Wilkins and his associated donned face coverings, brandished firearms or knives, and demanded money. See id. ¶ 10. They would then escort the store manager at gunpoint to the safe's location, where they filled a drawstring bag with money. See id. In January 2012, law enforcement began receiving information from confidential informants about the string of robberies. See id. ¶ 11. On January 27, 2012, based on the informant information, as well as electronic and covert surveillance, law enforcement

arrested Wilkins and several of his associates. See id. Wilkins agreed to over $10,000 in restitution. See id. ¶ 13.

On March 13, 2013, a federal grand jury in the Eastern District of North Carolina indicted Wilkins and various coconspirators. See [D.E. 132]. On November 4, 2013, with a plea agreement, Wilkins pleaded guilty to two counts of using and carrying a firearm during and in relation to a crime of violence and aiding and abetting. See [D.E. 226, 228, 330]. On July 15, 2014, the court held Wilkins's sentencing hearing. See [D.E. 315]. The court calculated Wilkins's advisory guideline range as five years' imprisonment on count one and a mandatory consecutive 25-year sentence on count two. See Sent'g Tr. [D.E. 327] 5. After granting the government's downward-departure motion and considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Wilkins to 60 months' imprisonment on count one and 216 months' consecutive imprisonment on count two, for a total of 276 months' imprisonment. See id. at 7–12; [D.E. 316]; [D.E. 317].

Wilkins appealed. On May 29, 2015, the United States Court of Appeals for the Fourth Circuit enforced the appellate waiver in Wilkins's plea agreement and dismissed the appeal. See [D.E. 331, 332]. On June 20, 2016, Wilkins moved to vacate his conviction under 28 U.S.C. § 2255. See [D.E. 356] 4; [D.E. 414] 1. On September 6, 2019, the court dismissed Wilkins's motion. See [D.E. 414]. Wilkins appealed, which the Fourth Circuit dismissed for failure to prosecute. See [D.E. 441]. On October 27, 2020, Wilkins moved to reduce his sentence and requested home confinement because of COVID-19, and later filed a memorandum in support. See [D.E. 453, 486]. On May 11, 2021, the court denied Wilkins's motion for a sentence reduction but allowed Wilkins's court-appointed counsel to determine whether Wilkins qualified to seek a sentence reduction under the First Step Act. See [D.E. 469]. Counsel did not file a motion. On

2

December 21, 2022, the government responded in opposition to a sentence reduction. See [D.E. 525].

II.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); United States v. High, 997 F.3d 181, 185–86 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 330 (4th Cir. 2021) (per curiam); United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020), abrogated on other grounds by Rutherford, 146 S. Ct. 1320. A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion,

3

those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See United States v. Washington, 161 F.4th 816, 818 (4th Cir. 2025); Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. A circumstance is extraordinary when it is "most unusual, far from common, or having little or no precedent." Rutherford, 146 S. Ct. at 1330 (citation and quotations omitted). "Compelling . . . means tending to convince or convert by or as if by forcefulness of evidence." Id. (citation and quotations omitted). Thus, "extraordinary and compelling reasons for compassionate release are those that are especially unusual and convincing." Id. (quotations omitted); see also Fernandez, 146 S. Ct. at 1307. "That is a demanding standard." Fernandez, 146 S. Ct. at 1302.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) became effective on November 1, 2023, and lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See U.S.S.G. § 1B1.13(b), invalidated in part by Rutherford, 146 S. Ct. at 1334–35. A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other

4

circumstances in determining whether and to what extent a reduction . . . is warranted." U.S.S.G. § 1B1.13(d); see 28 U.S.C. § 994(t); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024), abrogated on other grounds by Rutherford, 146 S. Ct. 1320; McCoy, 981 F.3d at 286 n.9. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. U.S.S.G. § 1B1.13(e).

The court assumes without deciding that Wilkins exhausted administrative remedies. Wilkins argues that his rehabilitation warrants a sentence reduction. See [D.E. 538] 1.

Wilkins cites nothing in U.S.S.G. § 1B1.13(b) or any applicable retroactive change to a guideline or his statutes of conviction. In Rutherford, the Supreme Court held that before examining the section 3553(a) factors concerning a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), "a court must first ensure that a movant is part of the limited class of prisoners who are eligible for such a reduction." 146 S. Ct. at 1333 (cleaned up). "And whether a prisoner is eligible depends on whether he can offer 'extraordinary and compelling' reasons that 'warrant' compassionate release, not on the [section] 3553(a) factors." Id. (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). "This gatekeeping requirement is not . . . a free-for-all." Id. "It is a distinct analytical step that imposes independent and ascertainable limits on access to compassionate release." Id.

Wilkins fails to demonstrate that extraordinary and compelling reasons support reducing his sentence. Wilkins relies on rehabilitation and cites working down from medium custody to low custody and participating in educational programming, but Wilkins's rehabilitation alone is not an extraordinary and compelling reason. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9. Even if it was, Wilkins has sustained at least five disciplinary infractions while serving his term of imprisonment for possessing an unauthorized

item, phone abuse, and being insolent to a staff member. See [D.E. 525-1] 1–2. The court views possessing an unauthorized item and phone abuse as very serious misconduct. See United States v. Melton, 761 F. App'x 171, 173–78 (4th Cir. 2019) (per curiam) (unpublished).

Wilkins has failed to demonstrate "that extraordinary and compelling reasons warrant" compassionate release. 18 U.S.C. § 3582(c)(1)(A)(i); see Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1300–05. Thus, the court denies Wilkins's motion for a sentence reduction.

Alternatively, even if Wilkins demonstrated extraordinary and compelling reasons under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13(b), the section 3553(a) factors counsel against granting Wilkins's motion. See Concepcion, 597 U.S. at 499–502; Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. The court has considered the entire record, the section 3553(a) factors, Wilkins's arguments, and the government's persuasive response. The court also has considered the need to punish Wilkins for his serious criminal behavior, to incapacitate Wilkins, to promote respect for the law, to deter others, and to protect society from Wilkins. Given the entire record, the court denies Wilkins's motion for a sentence reduction. See, e.g., Rutherford, 146 S. Ct. at 1330–35; Fernandez, 146 S. Ct. at 1302–07; Concepcion, 597 U.S. at 498–501; Chavez-Meza v. United States, 585 U.S. 109, 117–20 (2018); Pepper, 562 U.S. at 480–81; Washington, 161 F.4th at 820–24; United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. Troy, 64 F.4th 177, 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); United States v. Hill, No. 4:13-CR-28, 2020

6

WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

III.

In sum, the court DENIES defendant's motion for a sentence reduction [D.E. 538].

SO ORDERED.   This 29 day of June, 2026.

JAMES C. DEVER III
United States District Judge

7